# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KRISTOPHER C. ROSCHE,**
        **Petitioner,**

     v.                                                    Case No. 11-CV-00606

**JOHN D. PAQUIN,**
        **Respondent.**

---

## DECISION AND ORDER

Pro se petitioner Kristopher Rosche filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that his state court conviction and sentence were imposed in violation of the Constitution. On November 20, 2007, petitioner was convicted in Monroe County Circuit Court of one count of second degree sexual assault of a child, one count of exposing genitals to a child, and one count of causing a child to expose genitals. *See* Wis. Stat. §§ 948.02(2), 948.10(1). He was sentenced to five years initial confinement and seven years of extended supervision. The Wisconsin Court of Appeals affirmed petitioner's conviction on March 25, 2010, and the Wisconsin Supreme Court denied review on July 21, 2010.

The relevant facts are as follows: The victim alleged that petitioner sexually assaulted her in the back of his semi-truck when she was fourteen. The alleged assault occurred when she and her brothers took an overnight trip with petitioner to make a delivery in Tomah, Wisconsin. During trial, petitioner took the stand and admitted taking a trip with the victim and sharing the bed in his truck with her, but denied sexually

assaulting her. Petitioner and the victim also disagreed on the exact sequence of events leading up to the assault. The prosecutor told the jury during closing arguments:

> This case is about trust betrayed. This case is also about innocence lost. But this case is also about [the victim's] courage. You represent the morals and the values of our community. You have the ability to protect our children. Send a message to our community that our kids will be protected and find the defendant guilty on all counts.

(Trial Tr. from September 14, 2007, p. 34, ECF No. 12-9.) The prosecutor reiterated this sentiment in her rebuttal, saying, "Be representatives of our community, represent the values and morals of our community." (*Id.* at 46.) Defense counsel objected to these statements on the ground that they asked the jury to consider something other than the evidence when making a decision. Counsel asked the court to re-read the instruction requiring the jury to base its decision on the evidence alone. The court declined noting that the jurors had just heard that instruction and that they would have a written copy of the instructions with them in the jury room.

The jury began deliberating at 10:30 a.m. and around 2:30 p.m. the same day sent the judge a note stating that they were having trouble reaching a unanimous consensus and asking for further guidance. Over defense counsel's objection, the judge gave the jury pattern instruction WIS JI-CRIMINAL 520, which reads:

> You jurors are as competent to decide the disputed issues of fact in this case as the next jury that may be called to determine such issues. You are not going to be made to agree nor are you going to be kept out until you do agree. It is your duty to make an honest and sincere attempt to arrive at a verdict. Jurors should not be obstinate. They should be open-minded. They should listen to the arguments of others and talk matters over freely and fairly and make an honest effort to come to a conclusion on all of the issues presented to them. You will please retire to the jury room.

2

The judge concluded by saying, "[W]e'll ask that you continue your deliberations at this time," and sent the jury back to deliberate. (*Id.* at 73.) Twenty minutes later the jury returned with a verdict finding petitioner guilty on three of the five counts charged.

Petitioner's appellate attorney initially filed a no-merit report under Wis. Stat. § 809.32, but the Wisconsin Court of Appeals rejected it. The state public defender then appointed new counsel who filed an appeal on petitioner's behalf. On appeal, petitioner's counsel argued he had been denied his right to due process because the prosecutor had asked the jury to consider factors other than the evidence presented in the case during her closing argument. Counsel also argued that petitioner had been denied his right to due process because the supplemental instruction provided to the jury improperly pressured jurors to change their votes so that a consensus could be reached.[1] The Wisconsin Court of Appeals rejected both of these claims on the merits. Petitioner now seeks habeas relief on these same grounds. He also seeks relief on two grounds not raised on direct appeal. Petitioner argues that he was deprived of his Sixth Amendment right to effective assistance of counsel because his trial counsel failed to procure a copy of his trucker's logbook and because his appellate counsel failed to argue that trial counsel was ineffective on this basis. He claims the logbook would have boosted his credibility by corroborating his timeline of events leading up to the assault.

A petitioner can seek a writ of habeas corpus under § 2254 if he is "in custody pursuant to the judgment of a State court" and that custody violates "the Constitution or

---

[1] Counsel also challenged the trial judge's refusal to allow petitioner to question the victim about what she said to her therapist following the assault, but this claim is not relevant because petitioner does not raise it in his petition.

laws or treaties of the United States." 28 U.S.C. § 2254(a). However, a federal court cannot grant an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." *Id.* § 2254(b). If a petition contains both exhausted and unexhausted claims, it is a "mixed petition." *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005). A petitioner with such a petition has two options. He may withdraw the unexhausted claims and proceed only on the exhausted ones or withdraw the entire petition and file a new petition once he has exhausted all of his claims. *Burton v. Stewart*, 549 U.S. 147, 154 (2007). In some cases, he can also move to stay the case and hold the petition in abeyance while he returns to state court to exhaust his claims. *See Rhines*, 544 U.S. at 277 (noting that a district court can grant a stay if there "was good cause for the petitioner's failure to exhaust his claims first in state court" and the claims are not "plainly meritless").

While petitioner exhausted his two due process claims by presenting them on appeal, he has not yet exhausted his two claims of ineffective assistance of counsel. Therefore, I find that his petition is mixed. Petitioner claims he exhausted his ineffective assistance of counsel claims because he listed ineffective assistance of trial counsel as one of his possible claims when opposing the no-merit report. However, as noted, the appeal ultimately filed on his behalf did not raise this claim. Thus, the state court has not had a chance to review these claims on the merits. It is also not clear that petitioner has procedurally defaulted on them. Procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley*, 390

4

F.3d 505, 514 (7th Cir.2004). Petitioner may still be able to challenge the effectiveness of his trial and postconviction counsel by filing a motion under Wis. Stat. § 974.06. Ordinarily, a claim that could have been raised on direct appeal cannot be brought under § 974.06, *see State v. Lo*, 264 Wis. 2d 1, 9 (2003), but there might be an exception in this case because petitioner is claiming that his postconviction and appellate counsel was ineffective, *see State v. Allen*, 328 Wis. 2d 1, 32 (2010) (holding that "ineffectiveness of postconviction counsel *may* constitute a sufficient reason as to why an issue that could have been raised on direct appeal was not"). Petitioner can also bring a claim of ineffective assistance of appellate counsel by filing a *Knight* petition with the Wisconsin Court of Appeals. *See State v. Knight*, 168 Wis. 2d 509 (1992) (holding that individuals claiming ineffective assistance of appellate counsel must petition the appellate court that heard the appeal for a writ of habeas corpus); *see also State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675 (Ct. App. 1996) (holding that a challenge to the conduct of *postconviction* counsel must be filed in the trial court, while a challenge to the conduct of *appellate* counsel must be filed in the court of appeals).

I will give petitioner 30 days to decide whether he would like to withdraw his unexhausted claims and proceed on only the exhausted ones or withdraw the entire petition and file a new petition once he has exhausted all of his claims. If he chooses to withdraw his petition, I will dismiss it without prejudice. I warn petitioner, however, that a subsequent habeas petition may be barred by the statute of limitations set out in 28 U.S.C. § 2244(d). Alternatively, if petitioner believes he meets the criteria set out in *Rhines v. Weber*, 544 U.S. 269, he can file a motion to stay the case while he returns to state court.

**THEREFORE, IT IS ORDERED** that petitioner has until **May 12, 2013** to notify the court if he would like to withdraw his unexhausted claims and proceed on only his exhausted claims. If petitioner declines to withdraw the unexhausted claims or fails to contact the court by this deadline, I will dismiss the petition without prejudice as a mixed petition.

Dated at Milwaukee, Wisconsin, this 12th day of April 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge