# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KRISTOPHER C. ROSCHE,
         Petitioner,

    v.                                          Case No. 11-CV-00606

JOHN D. PAQUIN,
         Respondent.

## DECISION AND ORDER

      Pro se petitioner Kristopher Rosche filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that his state court conviction and sentence were imposed in violation of the Constitution. On November 20, 2007, petitioner was convicted in Monroe County Circuit Court of one count of second degree sexual assault of a child, one count of exposing genitals to a child, and one count of causing a child to expose genitals. *See* Wis. Stat. §§ 948.02(2), 948.10(1). He was sentenced to five years initial confinement and seven years of extended supervision. The Wisconsin Court of Appeals affirmed petitioner's conviction on March 25, 2010, and the Wisconsin Supreme Court denied review on July 21, 2010.

      The relevant facts are as follows: Petitioner is a truck driver, and the victim alleged that he sexually assaulted her in the back of his semi-truck when she was fourteen. The alleged assault occurred when she and her brothers took an overnight trip with petitioner to make a delivery in Tomah, Wisconsin. Petitioner admitted taking a trip with the victim, but denied sexually assaulting her. The prosecutor told the jury during closing arguments:

> This case is about trust betrayed. This case is also about innocence lost. But this case is also about [the victim's] courage. You represent the morals and the values of our community. You have the ability to protect our children. Send a message to our community that our kids will be protected and find the defendant guilty on all counts.

(Trial Tr. from Sept. 14, 2007, p. 34, ECF No. 12-9.) The prosecutor reiterated this sentiment in her rebuttal, saying, "Be representatives of our community, represent the values and morals of our community." (*Id.* at 46.) Defense counsel objected to these statements on the ground that they asked the jury to consider something other than the evidence when making a decision. Counsel asked the court to re-read the instruction requiring the jury to base its decision on the evidence alone. The court declined noting that the jurors had just heard that instruction and that they would have a written copy of the instructions with them in the jury room.

The jury began deliberating at 10:30 a.m. and around 2:30 p.m. the same day sent the judge a note stating that they were having trouble reaching a unanimous consensus and asking for further guidance. Over defense counsel's objection, the judge gave the jury pattern instruction WIS JI-CRIMINAL 520, which reads:

> You jurors are as competent to decide the disputed issues of fact in this case as the next jury that may be called to determine such issues. You are not going to be made to agree nor are you going to be kept out until you do agree. It is your duty to make an honest and sincere attempt to arrive at a verdict. Jurors should not be obstinate. They should be open-minded. They should listen to the arguments of others and talk matters over freely and fairly and make an honest effort to come to a conclusion on all of the issues presented to them. You will please retire to the jury room.

The judge concluded by saying, "[W]e'll ask that you continue your deliberations at this time," and sent the jury back to deliberate. (*Id.* at 73.) Twenty minutes later the jury returned with a verdict finding petitioner guilty on three of the five counts charged.

2

Case 2:11-cv-00606-LA   Filed 05/24/13   Page 2 of 5   Document 22

On direct appeal, petitioner argued that he had been denied his right to due process because the prosecutor had asked the jury to consider factors other than the evidence when she asked them to "[s]end a message to our community that our kids will be protected." (Sept. 14, 2007 Trial Tr. 34.) He also argued that he had been denied his right to due process because the supplemental instruction provided to the jury improperly pressured jurors to change their votes so that a consensus could be reached. The Wisconsin Court of Appeals rejected both of these claims on the merits. Petitioner now seeks habeas relief on these same grounds.[1]

A federal court may grant habeas relief to a state prisoner whose claim was "adjudicated on the merits in State court" only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The phrase "clearly established federal law" refers to the holdings of the Supreme Court as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). The question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

---

[1] The original petition also included two claims for ineffective assistance of counsel not raised on direct appeal. I warned petitioner that these claims were unexhausted and gave him the chance to withdraw them to avoid dismissal of his petition as a mixed petition. *See* 28 U.S.C. § 2254(b) (prohibiting a court from granting an application for a writ of habeas corpus unless the petitioner has exhausted his state court remedies). He elected to withdraw the unexhausted claims and proceed on only the exhausted claims.

3

Petitioner's first claim is that he was denied his right to due process because the prosecutor asked the jury to consider factors other than the evidence when she asked them to "send a message . . . that our kids will be protected." (Sept. 14, 2007 Trial Tr. 34.) The relevant federal law comes from *Darden v. Wainwright*, 477 U.S. 168, 181 (1986), "which explained that a prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2153 (2012). This rule is "a very general one" that gives a court some leeway to determine the outcome in a particular case. *Id.* at 2155. Here, the Wisconsin Court of Appeals concluded that the prosecutor's comments did not amount to a denial of due process because they "relate[d] to child sexual assault cases generally, and [were] rhetorical in nature," and "the prosecutor did not improperly vouch for the victim [or] misrepresent the state of the record." *State v. Rosche*, 324 Wis. 2d 582 (Ct. App. 2010) (unpublished decision). This decision was not contrary to or an unreasonable application of clearly established federal law. Therefore, petitioner is not entitled to habeas relief on his first claim.

Petitioner's second claim is that he was denied his right to due process because the judge read WIS JI-CRIMINAL 520, which improperly pressures jurors to abandon their convictions for the sake of reaching a verdict. The Wisconsin Court of Appeals rejected this claim because it found it was bound by precedent from the Wisconsin Supreme Court upholding the constitutionality of this jury instruction. *See Kelley v. Wisconsin*, 51 Wis. 2d 641 (1971). Again, I conclude that the state court's decision was not contrary to or an unreasonable application of clearly established federal law. The Supreme Court has held

4

that it is constitutional for a judge to give a jury a supplemental charge where the jury is having trouble reaching a verdict, as long as the charge is not coercive. *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988) ("The use of a supplemental charge has long been sanctioned."); *see also Allen v. U.S.*, 164 U.S. 492 (1896) ("It cannot be that each juror should go to the jury room with a blind determination that the verdict shall represent his opinion of the case at that moment . . . ."). To determine whether a supplemental charge is coercive, a court must consider the charge "'in its context and under all the circumstances.'" *Id.* (quoting *Jenkins v. U.S.*, 380 U.S. 445, 446 (1965)). Here, the circumstances did not clearly show coercion. Petitioner argues that the reference to "the next jury" in the charge put pressure on the jury to avoid the cost of a second trial by reaching a consensus, but the instruction did not say anything about the costs of a second trial. It simply reminded the jurors that they were as competent as anyone else to decide the case and asked them to make "an honest effort" to agree. It also expressly informed them that they would not "be made to agree" nor "kept out until [they] do agree." Therefore, it was not unreasonable for the state court to find that the supplemental charge was not coercive. Thus, I will deny petitioner's request for habeas relief on this claim as well.

**THEREFORE, IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The clerk shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 24th day of May 2013.

                                                  s/ Lynn Adelman
                                                  _____
                                                  LYNN ADELMAN
                                                  District Judge